UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TRUSTEES OF THE DISTRICT COUNCIL NO. 9        :
PAINTING INDUSTRY INSURANCE FUND et al.,      :
                                              :
                              Petitioners,    :     21-cv-8927 (LJL)
                                              :
                -v-                           :     MEMORANDUM AND
                                              :            ORDER
ADEL FIA CONTRACTING CORP.,                   :
                                              :
                              Respondent.     :
                                              :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioners District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees" and, collectively with the Union, "Petitioners") move, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 *et seq.*, to confirm an arbitral award entered by the Joint Trade Committee of the Painting and Decorating Industry (the "Joint Trade Committee") against Respondent Adel Fia Contracting Corp. ("Adel Fia" or "Respondent"). *See* Dkt. No. 1 (the "Petition"). Petitioners also move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on the Petition. Dkt. No. 12. The motion is unopposed. The Petition and motion are granted.

## BACKGROUND

Adel Fia is a corporation duly organized and existing under the laws of New York State with its last known place of business located in Brooklyn, New York. Dkt. No. 1 ¶ 4. At all relevant times, Adel Fia was a party to a collective bargaining agreement ("CBA") with the

Union. *See* Dkt. No. 2-2. The CBA provides for the submission of disputes to final, binding decisions of the Joint Trade Committee. *Id.* at Art. XIII.

Pursuant to Article XIII of the CBA, the Union filed a demand for arbitration with the Joint Trade Committee and served the demand for arbitration on Respondent. *See* Dkt. No. 1 ¶ 8; Dkt. No. 2-3. The demand charged Adel Fia with discriminating against a job steward at a jobsite in Bronx, New York, pursuant to Article IX and Article XIII Section 11 Violation 5 of the CBA. *See* Dkt. Nos. 2-1, 2-3. The Joint Trade Committee held a hearing on July 6, 2021 and rendered a decision and award (the "Award") on July 23, 2021. *See* Dkt. Nos. 2-1, 2-3. The Award provided that Adel Fia had violated the CBA by discriminating against job steward Matthew Sencion and directed Adel Fia to pay $301.00 in wages to Matthew Sencion and to pay $278.88 in benefits on behalf of Matthew Sencion to the "PIIAF." *See* Dkt. Nos. 2-1, 2-4. The Award was served on Adel Fia. *See* Dkt. No. 2-4. A demand letter dated August 2, 2021 was served on Adel Fia after it had failed to comply with the Award. *See* Dkt. No. 2-5. To date, Adel Fia has failed and refused to comply with the Award. Dkt. No. 1 ¶ 14.

Petitioners filed the instant Petition to confirm the Award on November 1, 2021. Dkt. No. 1. Respondent was served on November 4, 2021. Dkt. No. 9. On December 14, 2021, Petitioners moved for summary judgment on the Petition. Dkt. No. 12. Respondent has not appeared or opposed the Petition or the motion for summary judgment.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, a court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions."[1]

---

[1] In this case, Petitioners have in fact filed a motion for summary judgment. The standard by which the Court analyzes the Petition and the unopposed motion for summary judgment are the

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). A court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* (quoting *Vt. Teddy Bear*, 373 F.3d at 244). The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

      The Court has examined the Petition and the supporting materials and the unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. 28 U.S.C. § 1391(b)(2). Moreover, the Award was made after a hearing in this District. *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute."). The Court has personal

---

same.

jurisdiction over Respondent, which is asserted to be organized under the law of New York State and has its last known place of business in New York.

Based on a review of the materials submitted by Petitioners and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a).

In addition, the Court finds that Petitioners are entitled to attorneys' fees and costs as requested and incurred in connection with this petition. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" (quoting *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases)). Given that Respondent has not abided by the Award and has failed to participate in this action, the Court finds that an award of attorneys' fees and costs is appropriate. The uncontested evidence submitted by Petitioners shows that Petitioners' counsel incurred a total of $2,151 in attorneys' fees and costs ($1,620 in attorneys' fees and $531 in costs). Dkt. No. 10.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent as follows:

(i)    Adel Fia shall pay $301.00 in wages to "Matthew Sencion";

(ii)   Adel Fia shall pay $278.88 in benefit contributions on behalf of Matthew Sencion to the "PIIAF"; and

(iii)  Adel Fia shall pay attorneys' fees and costs of $2,151.00 incurred in connection with the Petition as well as any costs incurred in enforcing the judgment entered

by the Court.

The Clerk of Court is also respectfully directed to close Dkt. No. 12 and close the action.

SO ORDERED.

Dated: May 27, 2022
       New York, New York

                                      LEWIS J. LIMAN
                               United States District Judge